UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

AMBERLY NIKGJONAJ and MARIJA     :
RANDELOVIC                                 :

                    Plaintiffs,       :

                                   :

       - against -           :

                                   :

THE CITY OF NEW YORK, RICHARD ORTIZ,   :
STEPHANIE GONZALES, RAY MARRERO,    :
KEVIN MALONEY, and "JOHN DOE" #1 - 4,    :
Individually and in Their Official Capacities  :

                                   :

              Defendants      :

-------------------------------------------------------------------x

14CV5716(DLC)

AMENDED COMPLAINT AND
 DEMAND FOR JURY TRIAL 

ECF CASE

Plaintiffs, by their attorney, Eugene M. Bellin, complaining of the defendants, allege:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiffs Amberly Nikgjonaj and Marija Randelovic by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

2. Amberly Nikgjonaj is a citizen of the United States who was operating a motor vehicle owned by Marija Randelovic on Briggs Avenue in the Borough of the Bronx, City and State of New York, on August 30, 2013, when she was arrested by the defendants on a false criminal charge of Criminal Possession of a Forged Instrument in the Second Degree, subjected to a pat-down search, handcuffed, transported to the 52nd Precinct, where she was subjected to a second pat-down search and imprisoned, and subsequently transported to Bronx Central Booking, where she continued to be imprisoned until her arraignment on August 31, 2013, and prosecuted on a false criminal charge of Possession of a Forged Instrument in the Second Degree.  On October 15, 2013, the charge of

Criminal Possession of a Forged Instrument in the Second Degree against the plaintiff was dismissed upon motion of an Assistant District Attorney. Plaintiff Amberly Nikgjonaj also was prosecuted on a false charge of violating New York Vehicle and Traffic Law §1172A. On March 6, 2014, she was acquitted of that charge.

3. Marija Randelovic is a citizen of the United States whose motor vehicle was seized by the defendants without a warrant on August 30, 2013, and held without legal process until January 14, 2014.

4. The defendants' actions were unlawful, and the plaintiffs bring this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claims occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero and Kevin Maloney can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

7.  Plaintiff Amberly Nikgjonaj is a citizen of the United States who resides in the County of Bronx, City and State of New York.

8.  Plaintiff Marija Randelovic is a citizen of the United States who resides in the County of Sullivan, State of New York.

9.  Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

10.  At all times relevant herein, defendant The City of New York maintained a police department.

11.  Defendant Richard Ortiz is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12.  At all times relevant herein, defendant Richard Ortiz was acting within the scope of his employment by defendant The City of New York.

13.  Defendant Stephanie Gonzales is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14.  At all times relevant herein, defendant Stephanie Gonzales was acting within the scope of her employment by defendant The City of New York.

15.  Defendant Ray Marrero is a natural person who, at all times relevant herein, was employed by defendant The City of New York as police officers.

16.  At all times relevant herein, defendants Ray Marrero was acting within the scope of his employment by defendant The City of New York.

17.  Defendant Kevin Maloney is a natural person who, at all times relevant herein, was employed by defendant The City of New York as police officers.

18. At all times relevant herein, defendants Kevin Maloney was acting within the scope of his employment by defendant The City of New York.

19. Defendants "John Doe" #1 - 4 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

20. At all times relevant herein, defendants "John Doe" #1 - 4 were acting within the scope of their employment by defendant The City of New York.

## NOTICES OF CLAIM

21. On November 4, 2013, and within ninety days of the accrual of her causes of action herein, plaintiff Amberly Nikgjonaj served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which her claims arose.

22. On November 4, 2013, and within ninety days of the accrual of her causes of action herein, plaintiff Marija Randelovic served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which her claims arose.

23. More than thirty days have elapsed since the plaintiffs' Notice of Claim were served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

24. Plaintiffs incorporate by reference paragraphs 1 through 23 of this complaint as though the same were set forth fully herein.

25. On August 30, 2013, plaintiff Marija Randelovic was the owner of a 2001 Chrysler PT Cruiser motor vehicle which she had purchased from a motor vehicle dealer in the State of New Jersey.

26. On August 30, 2013, the 2001 Chrysler PT Cruiser motor vehicle owned by plaintiff

Marija Randelovic bore valid New Jersey temporary registration plate No. 220426N.

27.   On August 30, 2013, plaintiff Amberly Nikgjonaj was operating the above described motor vehicle on Briggs Avenue, between 196th Street and 197th Street in the Borough of the Bronx, City and State of New York.

28.   On August 30, 2013, defendants Richard Ortiz. Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 arrested plaintiff Amberly Nikgjonaj on a false criminal charge of Possession of a Forged Instrument in the Second Degree.

29.   The instruments which defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 claimed were forged were the temporary New Jersey license plates affixed to the above described motor vehicle and the temporary New Jersey registration for the vehicle.

30.   The New Jersey temporary license plates affixed to the vehicle and the temporary New Jersey registration were not forged instruments

31.   Defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 did not have any warrant or other legal process directing or authorizing the seizure, arrest, detention, or imprisonment of plaintiff Amberly Nikgjonaj.

32.   Upon information and belief, defendant Kevin Maloney instructed defendants Richard Ortiz, Stephanie Gonzales and Ray Marrero to arrest plaintiff Amberly Nikgjonaj.

33.   Defendant Stephanie Gonzales handcuffed plaintiff Amberly Nikgjonaj.

34.   Defendant Stephanie Gonzales subjected plaintiff Amberly Nikgjonaj to a pat-down search.

35.   Plaintiff Amberly Nikgjonaj was placed in a police vehicle and transported to the 52nd Precinct.

36. Defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 seized plaintiff Marija Randelovic's 2001 Chrysler PT Cruiser motor vehicle.

37. Defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 did not have a warrant or other legal process directing or authorizing the seizure of plaintiff Marija Randelovic's 2001 Chrysler PT Cruiser motor vehicle.

38. At the 52nd Precinct, plaintiff Amberly Nikgjonaj was again subjected to a pat-down search.

39. Plaintiff Amberly Nikgjonaj was imprisoned in the 52nd Precinct.

40. The defendants subsequently caused plaintiff Amberly Nikgjonaj to be transported to Bronx Central Booking, where she was imprisoned until August 31, 2013.

41. On information and belief, on August 31, 2013, defendant Richard Ortiz falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Amberly Nikgjonaj had been in possession of forged instruments, to wit, two forged New Jersey temporary license plates and a forged New Jersey temporary registration.

42. On August 31, 2013, defendant Richard Ortiz instituted a criminal proceeding against plaintiff Amberly Nikgjonaj in the Criminal Court of the City of New York, County of Bronx, accusing plaintiff Amberly Nikgjonaj of the crime of Criminal Possession of a Forged Instrument in the Second Degree.

43. On August 31, 2013, plaintiff Amberly Nikgjonaj was arraigned before a judge of the Criminal Court of the City of New York, County of Bronx, and released in her own recognizance.

44. On October 15, 2013, the criminal proceeding brought by defendant Richard Ortiz against plaintiff Amberly Nikgjonaj was dismissed on motion of the District Attorney.

45.  On or about August 30, 2013, defendant Richard Ortiz issued to plaintiff Amberly Nikgjonaj Summons No. AAW7491495, accusing the plaintiff of violating Section 1172A of the Vehicle and Traffic Law, alleging that she had failed to stop for a stop sign.

46.  On March 6, 2014, at a trial of the charge of violating Section 1172A of the Vehicle and Traffic Law held before an administrative law judge of the New York State Department of Motor Vehicles, defendant Richard Ortiz falsely testified that plaintiff Amberly Nikgjonaj had failed to stop at a stop sign on Briggs Avenue in the County of Bronx, City and State of New York.

47.  On March 6, 2014, at a trial held before an administrative law judge of the New York State Department of Motor Vehicles, plaintiff Amberly Nikgjonaj was found not guilty of the charge of violating Section 1172A of the Vehicle and Traffic Law.

48.  Plaintiff Amberly Nikgjonaj incurred legal fees of $4,000.00 to defend the false criminal charges brought by defendant Richard Ortiz in the Criminal Court of the City of New York, County of Bronx and the false charge of violating Section 1172A of the Vehicle and Traffic Law brought before the New York State Department of Motor Vehicles.

49.  Defendant The City of New York refused to return the 2001 Chrysler PT Cruiser motor vehicle to plaintiff Marija Randelovic for three and a half months.

50.  The 2001 Chrysler PT Cruiser motor vehicle was returned to plaintiff Marija Randelovic on January 14, 2014.

51.  When the 2001 Chrysler PT Cruiser motor vehicle was returned to plaintiff Marija Randelovic, the vehicle had sustained physical damage.

## COUNT ONE ON BEHALF OF AMBERLY NIKGJONAJ
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

52.  Plaintiffs incorporate by reference paragraphs 1 through 51 of this Complaint as

though the same were set forth fully herein.

53. The seizure, arrest, detention and imprisonment of plaintiff Amberly Nikgjonaj were made without any warrant or other legal process directing or authorizing her seizure, arrest, detention or imprisonment.

54. The charges upon which defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 arrested plaintiff Amberly Nikgjonaj were false.

55. The charges were made by defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 against plaintiff Amberly Nikgjonaj with knowledge that they were false.

56. Plaintiff Amberly Nikgjonaj was aware of her seizure, arrest, detention and imprisonment by defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4.

57. Defendants Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 acted in concert in the arrest of plaintiff Amberly Nikgjonaj and/or could have intervened to stop the arrest, but failed to do so.

58. Plaintiff Amberly Nikgjonaj did not consent to her seizure, arrest, detention or imprisonment.

59. As a result of the foregoing, plaintiff Amberly Nikgjonaj was deprived of her liberty, was imprisoned and was subjected to mental and physical distress, embarrassment and humiliation.

60. The seizure, arrest, detention and imprisonment of plaintiff Amberly Nikgjonaj deprived her of her right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and her right not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

61.  Defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 were acting under color of state law when they seized, arrested and imprisoned plaintiff Amberly Nikgjonaj.

62.  Defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 deprived plaintiff Amberly Nikgjonaj of her right to be free of unreasonable searches and seizures guaranteed by Fourth Amendment and her right not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting, detaining and imprisoning plaintiff Amberly Nikgjonaj on false criminal charges.

## COUNT TWO ON BEHALF OF AMBERLY NIKGJONAJ
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

63.  Plaintiffs incorporate by reference paragraphs 1 through 62 of this Complaint as though the same were set forth fully herein.

64.  The criminal charges brought by defendant Richard Ortiz against plaintiff Amberly Nikgjonaj in the Criminal Court of the City of New York, County of Bronx, were false.

65.  The criminal proceeding instituted by defendant Richard Ortiz against plaintiff Amberly Nikgjonaj in the Criminal Court of the City of New York, County of Bronx, was instituted by defendant Richard Ortiz with knowledge that the charges were false.

66.  The criminal proceeding instituted by defendant Richard Ortiz against plaintiff Amberly Nikgjonaj in the Criminal Court of the City of New York, County of Bronx, was instituted without probable cause to believe that the plaintiff had committed the offense charged.

67.  Defendant Richard Ortiz was acting with malice when he instituted the criminal proceeding against plaintiff Amberly Nikgjonaj.

68.   The criminal proceeding instituted by defendant Richard Ortiz against plaintiff Amberly Nikgjonaj in the Criminal Court of the City of New York, County of Bronx, was terminated in plaintiff Amberly Nikgjonaj's favor.

69.   As a result of the criminal proceeding instituted by defendant Richard Ortiz against plaintiff Amberly Nikgjonaj, the plaintiff was subjected to mental and physical distress, was exposed to public ridicule, scorn, humiliation and embarrassment, and incurred legal fees to defend the false criminal charge.

70.   Defendant Richard Ortiz was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Amberly Nikgjonaj had been in possession of forged instruments, to wit, two forged New Jersey temporary license plates and a forged New Jersey temporary registration.

71.   Defendant Richard Ortiz was acting under color of state law when he instituted a criminal proceeding against plaintiff Amberly Nikgjonaj in the Criminal Court of the City of New York, County of Bronx.

72.   Defendant Richard Ortiz deprived plaintiff Amberly Nikgjonaj of her right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and her right not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by prosecuting plaintiff Amberly Nikgjonaj on a false criminal charge.

## COUNT THREE ON BEHALF OF AMBERLY NIKGJONAJ
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

73.   Plaintiffs incorporate by reference paragraphs 1 through 72 of this Complaint as though the same were set forth fully herein.

74. The charge of violating Section 1172A of the Vehicle and Traffic Law by failing to stop for a stop sign brought by defendant Richard Ortiz against plaintiff Amberly Nikgjonaj was false.

75. The proceeding instituted by defendant Richard Ortiz against plaintiff Amberly Nikgjonaj in the Department of Motor Vehicles of the State of New York was instituted by defendant Richard Ortiz with knowledge that the charge was false.

76. The proceeding instituted by defendant Richard Ortiz against plaintiff Amberly Nikgjonaj in the Department of Motor Vehicles of the State of New York was instituted without probable cause to believe that the plaintiff had committed the offense charged.

77. Defendant Richard Ortiz was acting with malice when he instituted the proceeding against plaintiff Amberly Nikgjonaj in the Department of Motor Vehicles of the State of New York.

78. The proceeding instituted by defendant Richard Ortiz against plaintiff Amberly Nikgjonaj in the Department of Motor Vehicles of the State of New York was terminated in plaintiff Amberly Nikgjonaj's favor.

79. As a result of the proceeding instituted by defendant Richard Ortiz against plaintiff Amberly Nikgjonaj, the plaintiff was subjected to mental distress and embarrassment, and incurred legal fees to defend the false charge.

80. Defendant Richard Ortiz was acting under color of state law when he instituted a proceeding against plaintiff Amberly Nikgjonaj in the Department of Motor Vehicles of the State of New York.

81. Defendant Richard Ortiz was acting under color of state law when he falsely testified, at the trial of the charge of violating Section 1172A of the Vehicle and Traffic Law that plaintiff Amberly Nikgjonaj had failed to stop for a stop sign.

82. Defendant Richard Ortiz deprived plaintiff Amberly Nikgjonaj of her right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and her right not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by prosecuting plaintiff Amberly Nikgjonaj on a false charge of violating Section 1172A of the Vehicle and Traffic Law.

## COUNT FOUR ON BEHALF OF AMBERLY NIKGJONAJ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

83. Plaintiffs incorporate by reference paragraphs 1 through 82 of this Complaint as though the same were set forth fully herein.

84. The acts complained of were carried out by defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

85. The acts complained of were carried out by defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

86. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping, seizing, searching and arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States.

87. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests and searches;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

88. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

89. The seizure, arrest, detention, imprisonment and prosecution of plaintiff Amberly Nikgjonaj resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests and searches.

90. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless

arrests without probable cause.

91. Defendant The City of New York deprived plaintiff Amberly Nikgjonaj of her rights to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests and searches.

92. The aforesaid conduct of defendant The City of New York violated plaintiff Amberly Nikgjonaj's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT FIVE ON BEHALF OF AMBERLY NIKGJONAJ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

93. Plaintiffs incorporate by reference paragraphs 1 through 92 of this Complaint as though the same were set forth fully herein.

94. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

95. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

96.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

97.  Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

98.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Amberly Nikgjonaj would be violated.

99.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Amberly Nikgjonaj.

100.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

101.  Defendant The City of New York deprived plaintiff Amberly Nikgjonaj of her rights to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent

further violations of the civil rights of members of the public, which resulted in the seizure, arrest, imprisonment and prosecution of plaintiff Amberly Nikgjonaj.

### COUNT SIX ON BEHALF OF AMBERLY NIKGJONAJ
### COMMON LAW ASSAULT AND BATTERY

102.  Plaintiffs incorporate by reference paragraphs 1 through 101 of this Complaint as though the same were set forth fully herein.

103.  Defendants Stephanie Gonzales and the City of New York committed an assault and battery on the person of plaintiff Amberly Nikgjonaj in the course of handcuffing the plaintiff.

104.  As a result of the foregoing, plaintiff Amberly Nikgjonaj experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT SEVEN ON BEHALF OF AMBERLY NIKGJONAJ
### COMMON LAW ASSAULT AND BATTERY

105.  Plaintiffs incorporate by reference paragraphs 1 through 104 of this Complaint as though the same were set forth fully herein.

106.  Defendants Stephanie Gonzales and the City of New York committed an assault and battery on the person of plaintiff Amberly Nikgjonaj in the course of subjecting the plaintiff to a pat-down search at the scene of her arrest.

107.  As a result of the foregoing, plaintiff Amberly Nikgjonaj experienced physical and emotional distress, hardship and anxiety.

### COUNT EIGHT ON BEHALF OF AMBERLY NIKGJONAJ
### COMMON LAW ASSAULT AND BATTERY

108.  Plaintiffs incorporate by reference paragraphs 1 through 107 of this Complaint as though the same were set forth fully herein.

109. Defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney, "John Doe" #1 - 4 and the City of New York committed an assault and battery on the person of plaintiff Amberly Nikgjonaj in the course of subjecting the plaintiff to a pat-down search at the 52nd Precinct.

110. As a result of the foregoing, plaintiff Amberly Nikgjonaj experienced physical and emotional distress, hardship and anxiety.

## COUNT NINE ON BEHALF OF AMBERLY NIKGJONAJ
## COMMON LAW FALSE IMPRISONMENT

111. Plaintiffs incorporate by reference paragraphs 1 through 110 of this Complaint as though the same were set forth fully herein.

112. Defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney, "John Doe" #1 - 4 and The City of New York falsely imprisoned plaintiff Amberly Nikgjonaj by seizing, arresting and imprisoning her on a false criminal charge.

113. As a result of the foregoing, plaintiff Amberly Nikgjonaj was deprived of her liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT TEN ON BEHALF OF AMBERLY NIKGJONAJ
## COMMON LAW MALICIOUS PROSECUTION

114. Plaintiffs incorporate by reference paragraphs 1 through 113 of this Complaint as though the same were set forth fully herein.

115. The institution of a criminal proceeding against plaintiff Amberly Nikgjonaj in the Criminal Court of the City of New York, County of Bronx, based on a false criminal charge by defendant Richard Ortiz and The City of New York constituted malicious prosecution.

116. As a result of the criminal proceeding instituted by defendants Richard Ortiz and The City of New York against  plaintiff Amberly Nikgjonaj, the plaintiff was subjected to mental

and physical distress, was exposed to public ridicule, scorn, humiliation and embarrassment, and incurred legal fees to defend the false criminal charges.

## COUNT ELEVEN ON BEHALF OF MARIJA RANDELOVIC
## UNREASONABLE SEIZURE OF PROPERTY UNDER 42 U.S.C. §1983

117. Plaintiffs incorporate by reference paragraphs 1 through 116 of this Complaint as though the same were set forth fully herein.

118. The seizure of plaintiff Marija Randelovic's 2001 Chrysler PT Cruiser motor vehicle was made without any warrant or other legal process directing or authorizing the seizure of the vehicle.

119. Defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 acted in concert in the seizure of plaintiff Marija Randelovic's 2001 Chrysler PT Cruiser motor vehicle and/or could have intervened to prevent the seizure of her vehicle.

120. As a result of the seizure of her vehicle, plaintiff Marija Randelovic was deprived of the possession and use of her vehicle.

121. The seizure of plaintiff Marija Randelovic's 2001 Chrysler PT Cruiser motor vehicle deprived her of her right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and her right not to be deprived of her property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

122. Defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 were acting under color of state law when they seized plaintiff Marija Randelovic's 2001 Chrysler PT Cruiser motor vehicle.

123. Defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 deprived plaintiff Marija Randelovic of her right to be free of unreasonable

searches and seizures guaranteed by the Fourth Amendment and her right not to be deprived of her property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing plaintiff Marija Randelovic's 2001 Chrysler PT Cruiser motor vehicle.

### COUNT TWELVE ON BEHALF OF MARIJA RANDELOVIC
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

124.  Plaintiffs incorporate by reference paragraphs 1 through 123 of this Complaint as though the same were set forth fully herein.

125. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney and "John Doe" #1 - 4 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

126.  Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

127.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

128.  Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

129.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Marija Randelovic would be violated.

130.   Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Marija Randelovic.

131.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

132.   Defendant The City of New York deprived plaintiff Marija Randelovic of her rights to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and not to be deprived of her property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the seizure of plaintiff Marija Randelovic's 2001 Chrysler PT Cruiser motor vehicle.

## COUNT THIRTEEN ON BEHALF OF MARIJA RANDELOVIC
## COMMON LAW CONVERSION

133.   Plaintiffs incorporate by reference paragraphs 1 through 132 of this Complaint as though the same were set forth fully herein.

134. Defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney, "John Doe" #1 - 4 and The City of New York intended to seize plaintiff Marija Randelovic's 2001 Chrysler PT Cruiser motor vehicle.

135. Defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney, "John Doe" #1 - 4 and The City of New York seized plaintiff Marija Randelovic's 2001 Chrysler PT Cruiser motor vehicle with the intent of depriving the plaintiff of her motor vehicle.

136. Plaintiff Marija Randelovic demanded return of her motor vehicle

137. Defendant The City of New York refused to return the 2001 Chrysler PT Cruiser motor vehicle to plaintiff Marija Randelovic for an extended period of time.

138. As a result of the seizure and retention of plaintiff Marija Randelovic's 2001 Chrysler PT Cruiser motor vehicle by defendants Richard Ortiz, Stephanie Gonzales, Ray Marrero, Kevin Maloney, "John Doe" #1 - 4 and The City of New York, the plaintiff was deprived of the possession and use of her motor vehicle.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiffs reasonable attorney's fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiffs request a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
     December 17, 2014

                              EUGENE M. BELLIN

                              Eugene M. Bellin (EB-0722)
                              Attorney for Plaintiff
                              233 Broadway - Suite 2201
                              New York, New York 10279
                              EMBellin@aol.com
                              (212) 267-9100